UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-303 (PJS/HB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHON LERON PARKER-ROUSE,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Stephon Leron Parker-Rouse, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

## FACTUAL BASIS

1.     The United States and the defendant stipulate and agree that, on and before December 3, 2020, in the State and District of Minnesota, the defendant knowingly and intentionally possessed a loaded Sig Sauer 9mm semi-automatic pistol, knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year. Specifically, on that the defendant discarded the pistol while fleeing from police on foot in south Minneapolis. The pistol was recovered by a private citizen and turned in to police. The defendant stipulates and agrees that he previously had been convicted on November 17, 2016 in Hennepin County District Court of the felony offense of First-degree Assault with Great Bodily Harm. The defendant further admits he knew at the time

SCANNED
MAR 03 2021
U.S. DISTRICT COURT MPLS

of the present offense that he previously had been convicted of a crime punishable by more than one year, and that he was prohibited from possessing a firearm. The parties further stipulate that the firearm was manufactured in New Hampshire and had crossed a state line prior to the defendant's possession of it. The parties further stipulate that the gun was stolen and that, the day before his arrest, the defendant possessed the gun in connection with another felony offense, namely attempted murder as charged in Hennepin County Court file No. 27-CR-20-27726. The defendant admits that he knowingly and intentionally possessed the firearm as a convicted felon and knew his actions violated the law.

## PLEA AGREEMENT

2. **Penalties.** The defendant will plead guilty to the one-count Indictment charging him with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). That charge carries a statutory penalty of:

   A. a maximum of 10 years imprisonment;

   B. a fine of up to $250,000;

   C. a supervised release term of up to 3 years;

   D. a mandatory special assessment of $100; and

   E. the assessment to the defendant of certain costs of prosecution, imprisonment, and supervision.

3. **Revocation of Supervised Release.** The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

4. **Acceptance of Responsibility.** In exchange for the defendant's plea of guilty to Count 1 of the Indictment, the government agrees to move for a three-level reduction for acceptance of responsibility provided that the defendant (1) testifies truthfully during the change of plea hearing, (2) participates truthfully with the Probation Office in the presentence investigation, (3) does not violate any conditions of pretrial detention, and (4) continues to exhibit conduct consistent with acceptance of responsibility.

## GUIDELINE FACTORS

5. The defendant understands that he will be sentenced with reference to the applicable United States Sentencing Guidelines, which are advisory. The parties have stipulated to the following sentencing factors. The parties' stipulations are binding on them but are not binding upon the Court. If the Court determines the sentencing factors to be different from those set forth below, neither party shall be entitled to withdraw from the plea agreement on that basis. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense and the defendant's background.

6. **Base Offense Level.** Because the defendant has one prior conviction for a crime of violence, the parties agree the base offense level is 20. U.S.S.G. § 2K2.1(a)(4)(A).

7. **Specific Offense Characteristics.**

   **A. Stolen gun.** Because the gun was stolen, the parties agree the base offense level must be increased by two levels. U.S.S.G. § 2K2.1(b)(4)(A).

> **B. Other felony offense.** Because the defendant possessed the firearm in connection with another felony offense, namely attempted murder as charged in Hennepin County Court file No. 27-CR-20-27726, the parties agree the base offense level should be increased by an additional four levels. U.S.S.G. § 2K2.1(b)(6)(B).

8. **Adjustments/Role in the Offense.** The parties agree that none of the adjustments set forth in guideline §§ 3A1.1 through 3C1.4 are applicable. The parties further stipulate that the defendant was an average participant.

9. **Acceptance of Responsibility.** The government will move for a 3-level reduction for acceptance of responsibility under the conditions set forth in paragraph 4 above.

10. **Criminal History Category.** The parties believe but do not stipulate the defendant's criminal history category is III. If the defendant's criminal history category as finally computed is different than category III neither party may withdraw from this plea agreement based upon that ground and the defendant will be sentenced in accordance with the applicable sentencing guidelines.

11. **Guideline Range.** Assuming an offense level of 23 (base 20 + 2 stolen gun + 4 other felony offense - 3 acceptance of responsibility) and a criminal history category of III, the resulting guideline range is **57-71 months** imprisonment.

12. **Departures/Variances.** The parties reserve their respective rights to seek a departure or variance from the applicable guideline range.

13. **Fine Range.** Assuming an offense level of 23, the fine range is $20,000 - $200,000.

4

14.  **Supervised Release.** The Guidelines require the Court to impose a term of supervised release of 1 to 3 years. U.S.S.G. §§ 5D1.1(a), 5D1.2(a)(2).

15.  **Special Assessment.** Not later than the day of sentencing, the defendant shall pay to the Clerk of the United States District Court $100.00 as payment of the mandatory special assessment.

16.  **Forfeitures.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all of his right title and interest in the following firearm and associated accessories and ammunition: a Sig Sauer 9mm semi-automatic pistol bearing serial number 66A500648. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition. The United States reserves its right to proceed against any of the defendant's other assets if such assets represent real or personal property involved in violation of United States law, or are proceeds traceable to such property.

17. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

Date: 2/25/21

BY: /s/ JEFFREY S. PAULSEN
Assistant U.S. Attorney

Date: 2/25/21

Stephon Leron Parker-Rouse
Defendant

Date: 2/25/21

Kevin Riach
Counsel for Defendant

6